IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

700 NORTH DELAWARE, LLC
2711 Centerville Road, Ste. 400
Wilmington, Delaware

      Plaintiff,

vs.

ELI WEINSTEIN
805 Cross Street, Building 2
Lakewood, New Jersey

      Defendant.

CIVIL ACTION NO. 07-2252

## CERTIFICATION OF DAMAGES OF JACOB FRYDMAN

I, Jacob Frydman, hereby certify the following:

1. I am a manager of 700 Philly, LLC, a member of Plaintiff 700 North Delaware, LLC.

2. I am fully familiar with the facts certified herein, and I have full authority to make this certification.

3. The purpose of this certification is to provide the Court with an updated itemization of the damages suffered by Plaintiff on account of Weinstein's breach of the Contribution and Sale Agreement (the "Agreement").

4. Weinstein was obligated to pay Plaintiff at contract execution a total of $7,253,278.40, allocated as follows:

  a. $2,500,000.00 (the "Initial Payment") (*see* Agreement § 2.1(a));

  b. $4,453,278.40 (the "Incurred Development Costs") (*see* id. at § 2.1(b)); and

PHIL1 754587-1

c. $300,000.00, as an initial payment toward development costs incurred by Plaintiff after the execution of the Agreement (the "Post-Contract Development Costs") (*see* id. at § 6.2(a)).

5. An itemization of the Incurred Development Costs is as follows:

| **DESCRIPTION OF COST** | **AMOUNT** |
|---|---|
| Option Payments | $1,276,000.00 |
| Environmental Reports | $43,942.18 |
| Zoning Approvals | $17,268.00 |
| Architect/Engineer | $175,765.05 |
| Administration/Office Exp. | $55,528.32 |
| Legal/Accounting | $231,836.69 |
| Lobbying Expenses | $1,000.00 |
| Taxes & Insurance | $285,454.89 |
| Marketing/Public Relations | $15,144.00 |
| Original HBC Payments | $86,448.00 |
| Miscellaneous | $995.77 |
| Additional Legal Bill | $13,895.50 |
| Professional Fees | $2,250,000.00 |
| TOTAL | $4,453,278.40 |

6. An itemization of the Post-Contract Development Costs is as follows:

| DESCRIPTION OF COST | AMOUNT |
|---|---|
| Option Payments (April – Oct. 07) | $507,500.00 |
| Architect | $26,030.81 |
| Engineer | $4,562.25 |
| Legal | $128,146.78 |
| TOTAL | $666,239.84 |

7. As Weinstein is obligated to pay Plaintiff all Post-Contract Development Costs (*see* Agreement § 6.2(a)), and Weinstein has paid to date $300,000.00 toward said costs, Weinstein owes Plaintiff an additional $366,239.84 (the "Unpaid Post-Contract Development Costs").

8. Weinstein is also obligated to pay Plaintiff $8,625,000.00 at closing (the "Discount Consideration Payment") (*see* id. at § 2.1(d)), and $2,500,000.00 (the "Closing Payment") at the earlier of: (a) the Closing Date defined in the underlying Agreement of Sale; (b) December 31, 2007; or (c) thirty days following Plaintiff's receipt of the zoning permit and site plan approval for the Premises (*see* id. at § 2.1(c)); and in such event, Weinstein would be entitled to the "Professional Fees" of $2,250,000 as set forth as Incurred Expenses, credited to him.

9. Plaintiff has received a total of $6,003,288.50, of which Weinstein has paid Plaintiff only $2,000,000.00 ($300,000.00 of which was applied toward the Future Development Costs, in accordance with Section 6.2(a) of the Agreement, and $1,700,000 applied towards the Incurred Development Costs), and $4,003,288.50 was received by Plaintiff from Wachovia

3

Bank, as payment of an instrument made by Weinstein, but which Wachovia now claims was improperly paid, and which Plaintiff asserts was properly received by Plaintiff under the UCC. In short, Weinstein presented a check in the amount of the $4,003,288.50 to Greenberg Traurig, in its capacity as Plaintiff's escrow agent under the Agreement. Greenberg deposited Weinstein's check into its escrow account at Wachovia on April 16, 2007. Apparently believing that Weinstein's check was backed by sufficient funds, Wachovia honored the check and released the Disputed Funds to Greenberg, who in turn released the Disputed Funds to Plaintiff on April 23, 2007. Thereafter, Wachovia determined that Weinstein's check was not backed by sufficient funds, and demanded a return of the Disputed Funds from Greenberg. Under UCC 4 - 202(a) (2) and (b), Wachovia had a duty to advise of the dishonor before its "midnight deadline" following receipt of notice of dishonor or nonpayment. The midnight deadline is midnight of the next "banking day" following receipt of the notice. These terms are defined in UCC 4 - 104(a) (3 & 10). The EARNS notice of dishonor was received by Wachovia on Thursday, April 19, which would have required Wachovia to provide notice of dishonor before midnight on Friday, April 20th, which Wachovia failed to provide. Wachovia wired the funds to Plaintiff at 4 p.m. on Monday, April 23rd, and Plaintiff was therefore properly paid under UCC 4 - 214(a), as Wachovia's failure to provide timely notice would prevent it from revoking the provisional credit and place upon it the liability for the $4,003,288.50 wire transfer. If Plaintiff should be determined to not have properly received the $4,003,288.50, and is required to disgorge all or any part thereof, Defendant Eli Weinstein should be liable for such disgorged amount.

4

10. A full itemization of all damages sought by Plaintiff is as follows:

| DESCRIPTION | AMOUNT |
| --- | --- |
| Initial Payment | $2,500,000.00 |
| Incurred Development Costs | $4,453,278.40 |
| Post-Contract Development Costs | $666,239.84 |
| Discount Consideration Payment | $8,625,000.00 |
| Less Professional Fee payment | ($2,250,000.00) |
| Closing Payment | $2,500,000.00 |
| SUB-TOTAL | $16,494,518.24 |
| LESS AMOUNT PAID | ($6,003,288.50) |
| **TOTAL AMOUNT DUE** | **$10,491,229.74** |

11. Accordingly, Plaintiff seeks a total of $10,491,229.74 in damages. This Damage Claim amends the damage claim asserted in the Complaint.

I certify under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, or information and belief.

Date: October 8, 2007

_____
Jacob Frydman

5

## CERTIFICATION OF SERVICE

I, William R. Hinchman, hereby certify that on October 8th, 2007 I caused a copy of the foregoing Certification of Damages of Jacob Frydman to be served electronically and via U.S. Mail on the following counsel of record:

>Joshua B. Ladov, Esquire
>Louis I. Lipsky, Esquire
>1101 Market Street, Suite 2820
>Philadelphia, PA 19107
>
>*Attorneys for Defendant Eli Weinstein*

>/s/William R. Hinchman
>William R. Hinchman

PHIL1 754587-1